IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEROMA B.L. KAALAKEA, | ) CIVIL NO. 07-00177 DAE-KSC |
| | ) |
| Plaintiff, | ) REPORT OF SPECIAL MASTER |
| | ) RECOMMENDING THAT |
| vs. | ) DEFENDANT HAWAII HEALTH |
| | ) SYSTEMS CORPORATION dba |
| HAWAII HEALTH SYSTEMS | ) MAUI MEMORIAL MEDICAL |
| CORPORATION dba MAUI | ) CENTER'S MOTION FOR AWARD |
| MEMORIAL MEDICAL CENTER; | ) OF ATTORNEYS' FEES |
| DOE INDIVIDUALS 1-10; DOE | ) PURSUANT TO 42 U.S.C. § |
| ENTITIES 1-10, | ) 2000e-5(k) BE DENIED |
| | ) |
| Defendants. | ) |
| _____ | ) |

REPORT OF SPECIAL MASTER RECOMMENDING THAT DEFENDANT
HAWAII HEALTH SYSTEMS CORPORATION dba MAUI MEMORIAL
MEDICAL CENTER'S MOTION FOR AWARD OF ATTORNEYS' FEES
<u>PURSUANT TO 42 U.S.C. § 2000e-5(k) BE DENIED</u>

Before the Court, pursuant to a referral from United States District Judge David Ezra, is Defendant Hawaii Health Systems Corporation dba Maui Memorial Medical Center's ("Defendant") Motion for Award of Attorneys' Fees Pursuant to 42 U.S.C. § 2000e-5(k) ("Motion"), filed August 14, 2008.  On August 22, 2008, Defendant's counsel filed a Supplemental Declaration. To date, Plaintiff Jeroma Kaalakea ("Plaintiff") has not filed an Opposition.

The Court finds this matter suitable for

disposition without a hearing pursuant to Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").   After reviewing Plaintiffs' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be DENIED for the reasons set forth below.

<u>BACKGROUND</u>

On March 30, 2007, Plaintiff commenced the instant action, alleging that Defendant retaliated against Plaintiff in violation of Title VII and Hawaii Revised Statutes ("HRS") §§ 378-1 and 378-2; that Defendant breached a settlement agreement dated August 23, 2006; and that Defendant breached an implied contract.

On September 7, 2007, the Court approved a stipulation dismissing with prejudice Plaintiff's breach of an implied contract and punitive damages claims.   That same day, Judge Ezra also approved a stipulation to dismiss without prejudice Plaintiff's HRS §§ 378-1 and 378-2 retaliation claims and breach of

implied contract claim.

On January 8, 2008 Judge Ezra approved an amended stipulation dismissing without prejudice Plaintiff's HRS §§ 378-1 and 378-2 retaliation claims and Plaintiff's breach of contract claim.

On August 6, 2008, Judge Ezra issued an Order Denying Defendant's Motion for Summary Judgment for Lack of Subject Matter Jurisdiction; And Order Granting Defendant' Motion for Summary Judgment on the Merits of Plaintiff's Title VII Claim ("SJ Order").  With respect to the merits of Plaintiff's remaining Title VII claim, Judge Ezra held that Plaintiff "neither established a prima facie case of retaliation nor rebutted MMMC's proffered non-retaliatory reasons for engaging in the disputed employment actions."  SJ Order at 15.

On August 7, 2008, the Clerk entered judgment in favor of Defendant.

Plaintiffs timely filed this Motion on August 14, 2008.  See Fed. R. Civ. P. 54(d)(2) (requiring that a motion for attorneys' fees be filed "no later than 14 days after the entry of judgment"); Local Rule 54.3(a)

(same).

DISCUSSION

I.   Attorneys' Fees

A.   Entitlement to Attorneys' Fees

Defendant argues that it is entitled to an
award of attorneys' fees as the prevailing party in
this action because Plaintiff's claims were without
merit and Defendant made great efforts, though
unsuccessful, to resolve the dispute through mediation.
Section 2000e-5(k) of Title 42 of the U.S. Code
provides:

> In any action or proceeding under this
> subchapter the court, in its discretion,
> may allow the prevailing party, other than
> the Commission or the United States, a
> reasonable attorney's fee (including
> expert fees) as part of the costs, and the
> Commission and the United States shall be
> liable for costs the same as a private
> person.

42 U.S.C. § 2000e-5(k).  This provision "give[s] a
court the discretion to award attorney's fees to a
prevailing defendant in certain civil rights lawsuits
if the court finds that the plaintiff's action is
'frivolous, unreasonable, or without foundation.'"

4

Miller v. Los Angeles County Bd. of Educ., 827 F.2d
617, 619 (9th Cir. 1987) (quoting Christiansburg
Garment Co. v. Equal Employment Opportunity Comm'n, 434
U.S. 412, 421 (1978) (Title VII case); Hughes v. Rowe,
449 U.S. 5, 14-16 (1980) (per curiam)); Dosier v. Miami
Valley Broad. Corp., 656 F.2d 1295, 1301 (9th Cir.
1991) ("The only purpose served by awarding attorneys'
fees to a prevailing defendant is to discourage
frivolous litigation." (citation omitted)).  This
strict standard serves to uphold "Congress' policy of
promoting vigorous prosecution of civil rights
violations under Title VII." Miller, 827 F.2d at 619
(citations omitted).

        The Supreme Court has cautioned that in
applying this standard, "it is important that the
district court resist the understandable temptation to
engage in *post hoc* reasoning by concluding that,
because a plaintiff did not ultimately prevail, his
action must have been unreasonable or without
foundation." Christiansburg, 434 U.S. at 421-22.

        In the present case, Judge Ezra determined that

5

Plaintiff did not establish a prima facie case of retaliation and failed to rebut Defendant's proffered non-retaliatory reasons for engaging in the disputed employment actions.  However, "[a]lthough a defendant has prevailed in a civil rights case and a plaintiff has not met its prima facie burden, it does not necessarily follow that attorney's fees should be awarded to the defendant.  <u>Berry v. E.I. Dupont de Nemours and Co.</u>, 635 F. Supp. 262, 266 (D. Del. 1986). Indeed, just "[b]ecause a plaintiff has not met a *prima facie* burden and has not presented enough evidence to show discriminatory treatment, such failure does not lead to a finding of frivolity or groundlessness." <u>Id.</u> Whether or not a plaintiff has established a prima facie case is but one factor in determining frivolity or groundlessness.  <u>Id.</u>  Other factors for the court's consideration include offers of settlement by a defendant and whether the court dismissed the case prior to trial.  <u>Id.</u> (citing <u>Sullivan v. School Bd. of Pinellas County</u>, 773 F.2d 1182, 1189 (11th Cir. 1985)).

The Court therefore finds that the mere fact

6

that Plaintiff failed to establish a prima facie case
and ultimately did not prevail are insufficient bases
for awarding fees to Defendant.  <u>See</u>, <u>e.g.</u>, <u>Hudson v.
Western Airlines, Inc.</u>, 851 F.2d 261, 267 (9th Cir.
1988) (fact that the plaintiff does not prevail is not
enough to justify an award of fees to a prevailing
defendant); <u>Forsberg v. Pac. Northwest Bell Tel. Co.</u>,
840 F.2d 1409, 1422 (9th Cir. 1988) (affirming district
court's denial of attorneys' fees to prevailing
defendant where summary judgment granted as to all
claims).

     Although Defendant characterizes Plaintiff's
Title VII as meritless, it has not demonstrated that
Plaintiff's Title VII claim rises to the level of
frivolous, unreasonable, or without foundation.  <u>See</u>,
<u>e.g.</u>, <u>Miller</u>, 827 F.2d at 620 (findings of
frivolousness by agencies or evidence that the suit was
brought to federal court in bad faith would provide
support for an award of fees to a prevailing
defendant).  The Court acknowledges that Judge Ezra,
while concluding that the Court had jurisdiction over

Plaintiff's Title VII claim, characterized the instant case as one of "dubious substantive merit."  SJ Order at 8.  However, after carefully reviewing the merits of the Title VII claim, at no point did Judge Ezra make a finding that the claim was frivolous, unreasonable, or without foundation.

Defendant further argues that it is entitled to attorneys' fees because Plaintiff should have resolved her claims pursuant to the United Public Workers, Bargaining Unit 01 Collective Bargaining Agreement, Section 15 grievance procedures.  In that same vein, Defendant avers that it engaged in extraordinary efforts to resolve this dispute without litigation. The Court agrees that Defendant made a number of efforts to resolve this matter and that Plaintiff could have employed less burdensome means to address her grievances in lieu of instituting this action. Nevertheless, Plaintiff was entitled to adjudicate her claim in federal court.  Her decision and/or strategy to litigate the matter as opposed to utilizing other remedies available to her is not a basis upon which the

Court is prepared to make a finding of frivolity or groundlessness so as to justify an award of attorneys' fees to Defendant.   Accordingly, the Court declines to recommend that the district court award attorneys' fees to Defendant.

<u>CONCLUSION</u>

Based on the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Defendant Hawaii Health Systems Corporation dba Maui Memorial Medical Center's Motion for Award of Attorneys' Fees Pursuant to 42 U.S.C. § 2000e-5(k), filed August 14, 2008, be DENIED.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, September 30, 2008.



_____
Kevin S.C. Chang
United States Magistrate Judge

<u>KAALAKEA V. HAWAII HEALTH SYSTEMS CORP. dba MAUI MEMORIAL MEDICAL</u>
<u>CENTER, ET AL.</u>; CIVIL NO. 07-00177 DAE-KSC; REPORT OF SPECIAL MASTER
RECOMMENDING THAT DEFENDANT HAWAII HEALTH SYSTEMS CORPORATION dba MAUI
MEMORIAL MEDICAL CENTER'S MOTION FOR AWARD OF ATTORNEYS' FEES PURSUANT
TO 42 U.S.C. § 2000e-5(k) BE DENIED